## SUPREME COURT.

INGLEHART, Administrator, &c. of JOHNSON, agt. JOHNSON.

Actions triable in Erie county, require all motions in relation to them to be made in the 8th district, as there are no counties out of that district adjoining Erie.

Therefore a motion noticed in Monroe to dissolve an injunction in an action triable in Erie, held irregular.

*Monroe Circuit and Special Term, Nov.* 1850. Motion to dissolve or vacate injunction order. The county specified in the complaint as the place of trial is Erie.

A preliminary objection was made to hearing the motion, that Monroe county does not join Erie county, and the motion can not be heard in the former county, not being in the 8th district.

GEO. MUMFORD, *for Defendant.*

—— ——*for Plaintiff.*

WELLES, Justice.—Although Monroe county is adjoining to the eighth district, yet it does not adjoin the county of Erie, which is designated as the place of trial of the action.

By § 401 of the Code, motions must be made within the district in which the action is triable, or in a county adjoining that in which it is triable, except that where the action is triable in the first judicial district, the motion must be made therein." The defendant's counsel supposes the true reading of the passage quoted, to be that the motion must be made in the district in which the action is triable or in a county adjoining such district. I think, however, the antecedent to the pronoun "that," in the passage in question, is "county," and means the same as if the sentence had been " or in the county adjoining the county in which it is triable." Such has been the received and practical construction of the section referred to, so far as I know. The motion is, therefore, irregularly noticed here, and must be made in the 8th district, there being no county out of that district adjoining Erie county. Motion denied.